UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARIA DE LA PAZ,
on behalf of herself and all others similarly situated,      Case No.
**COMPLAINT**

           Plaintiff,

  -against-

JSP. LIFE AGENCY INC. D/B/A JSP HOME CARE
SERVICES and JOSE NICANOR RODRIGUEZ as
an Individual,
           Defendants.

-----------------------------------------------------------------------X

   Plaintiff Maria De La Paz ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Sim & DePaola, LLP, hereby files this Class Action Complaint against the Defendants, including Corporate Defendant JSP. LIFE AGENCY INC. D/B/A JSP HOME CARE SERVICES ("JSP") and Individual Defendant JOSE NICANOR RODRIGUEZ, alleges and shows the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on her own behalf and on behalf of all others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"), New York Labor Law ("NYLL"), and The Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq., ("FMLA") arising from Defendants' various willful and lawful employment policies and/practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, and FMLA by engaging in a pattern and practice

of failing to pay Plaintiff overtime compensation for all hours worked over forty (40) each workweek, as well as failing to provide Plaintiff with vacation, personal days, and sick days.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants (1) unpaid minimum wage and overtime compensation, (2) liquidated damages, (3) expenses related to tools and trade, (4) prejudgment and post-judgement interest, and (5) Attorney's fees and costs.

4. Plaintiff also alleges pursuant to New York labor Law §650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York common law and they are entitled to recover from Defendants (1) minimum wage compensations (2) overtime compensation (3) unpaid "Spread of Hours" premium (4) liquidated damages equal to the sum of unpaid "Spread of Hours" premium and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act (5) Pre-judgement and post-judgement interest and (6) Attorney's fees and costs.

5. Plaintiff further alleges that pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq., she is entitled to recover from Defendants for damages suffered, including but not limited to (1) lost wages and benefits, (2) Pre-judgement and post-judgement interest, and (3) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

6. The Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216 (b), 28 U.S.C. §1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367 (a)

7. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C §1367.

8. Venue is proper in the Southern District Court pursuant to 28 U.S.C. §§ 1391 (b) (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFF**

9. Plaintiff Maria De La Paz ("Mrs. De La Paz") is a resident of New York State and was employed as a Patient Care Aide and Home Health Aide at JSP for the benefit of and at the direction by the Defendant JSP with its principal place of business located at 3699 Bainbridge Avenue, County of Bronx, City and State of New York.

## **CORPORATE DEFENDANT**

10. Upon information and belief, Corporate Defendant, JSP is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 3699 Bainbridge Avenue, Bronx, New York 10467.

11. Upon information and belief, at all times relevant hereto, JSP is a business or enterprise engaged in interstate commerce employing more than five (5) employees and earning gross annual sales over Five Hundred Thousand Dollars. ($500,000).

12. Upon information and belief, at all relevant times hereto, JSP has been and continues to be an "employer" engaged in interstate "commerce" and/or production of "goods" for "commerce", within the meanings of the Fair Standard Labor Act ("FLSA") 29 U.S.C §203.

13. JSP constitutes an enterprise within the meaning of the FLSA 29 U.S.C. §203 (r).

14. JSP has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") §2, 190 and 651.

## INDIVIDUAL DEFENDANT

15. Upon information and belief information and belief, Defendant JOSE NICANOR RODRIGUEZ (hereinafter "RODRIGUEZ") is a resident of the State of New York

16. Upon information and belief Defendant RODRIGUEZ is an owner, corporate officer, director and/or managing agent of Defendant JSP.

17. Upon information and belief, at all relevant times, Defendant RODRIGUEZ has exercised operational control over JSP. determined Plaintiff's salary, made hiring decisions, and acted on behalf of and in the interest of Defendant JSP in devising, directing, implementing and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

18. At all relevant times, Defendant RODRIGUEZ has participated in running the daily operations of Defendant JSP.

19. At all relevant times, Defendant RODRIGUEZ has participated in the management and supervision of Plaintiff and her work for Defendant JSP.

20. At all relevant times, Defendant RODRIGUEZ has maintained control, oversight and direction over Plaintiff, including timekeeping, payroll and other employment practices applied to her.

21. At all relevant times, the work performed by Plaintiffs and Class members was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

22. Defendants committed the following acts knowingly, intentionally and willfully.

23. Defendants knew that the nonpayment of overtime pay, unpaid "Spread of Hours" premium and failure to provide required wage notice at the time of hiring would financially injure Plaintiff.

24. Plaintiff, Mrs. De La Paz, was employed by Defendants.

25. From November 24, 2015 to July 29, 2020, Plaintiff, Mrs. De La Paz, was hired as a Patient Aide and/or Home Health Aide by Defendants at 3699 Bainbridge Avenue, Bronx, New York 10467.

26. Throughout her employment with Defendants, Plaintiff's primary duty as a Patient Aide and/or Home Health Aide was to tend to patient's homecare and health needs.

27. Throughout her employment with Defendants, Plaintiff worked five days per week from about 8:00 p.m. to 8:00 a.m. On occasion Plaintiff would also work 8:00 a.m. to 8:00 p.m.

28. During this time Plaintiff did not receive and did not take any uninterrupted meal breaks.

29. Upon information and belief, during this time, Plaintiff has generally worked at least sixty (60) hours per week.

30. Throughout Plaintiff's employment Defendants have not paid Plaintiff the total amount of money she was due for any hours that she worked.

31. Throughout Plaintiff's employment Defendants have not paid Plaintiff overtime compensation for any hours that she worked in excess of forty (40) hours each week.

32. From November 24, 2015 to July 29, 2020, Plaintiff worked more than ten (10) hours each day that she worked.

33. During this time, despite working more than ten (10) hours each day that she worked and earning less than the statutory minimum wage rate, Defendants have not paid Plaintiff spread

of hours compensation at a rate of one extra hour of pay at the minimum wage rate for any day in which Plaintiff worked in excess of ten (10) hours.

34. Throughout Plaintiff's employment, Defendants failed to maintain any time records since Plaintiff was not required to sign, punch or click in and out of his shifts or to track her time worked by any other means.

35. Throughout Plaintiff's employment, Defendants have failed to keep and maintain accurate time records for the time that Plaintiff worked each day and week.

36. Throughout Plaintiff's employment, Defendants have not provided Plaintiff with a notice and acknowledgement of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter as required by NYLL §195 (1).

37. Throughout Plaintiff's employment, Defendants never allowed Plaintiff to take time off from work to obtain medical care.

38. Defendants have participated in setting Plaintiff's work schedule during her employment.

39. Defendants have participated in deciding the manner in which Plaintiff has been paid during her employment.

40. Defendants have participated in running day to day operations of JSP.

41. Defendants decided the hours in which plaintiff worked each week during Plaintiff's employment.

42. Defendants have participated in deciding the job duties that Plaintiff has performed on a daily basis during his employment.

43. Defendants have managed Plaintiff's employment, including the overtime worked.

44. Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

45. Defendants have been aware of Plaintiff's work hours but have failed to pay her the full amount of overtime compensation and minimum wages to which she was and is entitled for this work time under the law.

46. Defendants have been aware that Plaintiff worked in excess of ten (10) hours per day but have failed to pay her the full amount of spread of hours compensation to which she was and is entitled for this work time under the law.

47. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

48. Defendants improperly deducted improper sums from Plaintiff's pay without valid justification or Plaintiff's consent.

49. Defendants' failure to pay Plaintiff wages has been made without good faith, willfully and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

## CLASS DEFINITION

50. Plaintiffs bring each causes of action set forth herein as a collective action on behalf of the following potential opt-in litigants:

    All current and former Patient Aide and/or Home Health Aide who performed work for Defendants in any workweek in the past three years ("FLSA Collective")

51. Plaintiff reserved the right to redefine the FLSA Collective prior to class certification and thereafter, as necessary.

52. Plaintiff brings each New York Labor Law causes of action as a class action under Fed.R.Civ.P.23, on behalf of herself and the following class:

> All current and former Patient Aide and/or Home Health Aide who performed work for Defendants in any workweek in the past six years ("New York Class")

53. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary.

54. All allegations alleged herein by Plaintiff are alleged on behalf of the FLSA Collective and New York Class defined in this Complaint.

55. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

56. Plaintiff desires to pursue Plaintiffs FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

57. Plaintiff and the FLSA Class are "Similarly Situated," as that term is used in 29 U.S.C.§216(b), because, *inter alia,* all such individuals worked as wait staff under the

58. Defendants' previously described common pay practices, and because of such practices Plaintiffs were not paid the full and legally-mandated minimum wage and overtime premium wage for hours worked. Resolution of this action requires inquiry into common facts, including, *inter alia,* the Defendants' common compensation, timekeeping and payroll practices.

59. Specifically, the Defendants typically paid Plaintiffs and the FLSA shift pay for each shift, regardless of the hours worked. Accordingly, Plaintiff and the Similarly Situated Plaintiffs did not receive overtime pay at the proper rate.

60. The Similarly-Situated employees are known to the Defendants, are readily identifiable and may be located through the Defendants' records and the records of any payroll company that the Defendant uses.

61. The Defendants employ FLSA Collective Members in the State of New York

62. These Similarly-Situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation,

## **CLASS ACTION ALLEGATIONS**

63. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of Plaintiff and the New York Class defined above.

64. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

65. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class.

66. Plaintiffs' counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

67. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: a. whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practices of paying its wait staff shift pay below minimum wage for all hours worked by Plaintiff and the New York Class, b. whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practices of not paying its wait staff premium overtime pay for all hours worked by Plaintiff and the New York Class, c. whether Defendants violated the New York Labor Law by not paying spread of hours pay, d. whether Defendants violated the New York Labor Law by diverting some of Plaintiffs tipped to employees not directly

involved in serving the customers, e. whether Defendants violated the WTPA by not providing proper pay Notices and Acknowledgement of Pay Rates to Plaintiff f. whether Defendants violated the WTPA by not providing proper paystubs.

68. Plaintiffs' claims are typical of the claims of the New York Class in the following ways, without limitation: a. Plaintiff is a member of the New York Class, b. Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, c. Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, d. there are no conflicts between the interests of Plaintiffs and the New York Class members; and e. the injuries suffered by the Plaintiff is similar to the injuries suffered by the New York Class members.

69. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

70. The New York Class is readily identifiable from the Defendants' own employment records.

71. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

72. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendants. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

73. Without a class action, the Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiff and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 ET. SE. FAILURE TO COMPENSATE FOR OVERTIME

74. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

75. The FLSA regulates the payment of wages by employers whose employees are engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

76. Defendants were and are the subject to the overtime pay requirements of the FLSA because Defendant JSP is an enterprise engaged in commerce or in the production of goods for commerce.

77. At all times relevant to this complaint, Defendant JSP had and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled merchandise that originated outside the State of New York.

78. Upon information and belief, the gross annual volume of sales made or business done by Defendant, JSP for the years 2016, 2017, 2018 and 2019 was not less than $500,000.00

79. Additionally, Plaintiff has been entitled to the rights, benefits and protections granted by FLSA 29 U.S.C. §207 et eq.

80. Section 207 (a) (1) states that an employee must be paid overtime, equal to at least one and half times the employer's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

81. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

82. Section 13 of FLSA, 29 U.S.C. §213 exempts certain categories of employees from overtime compensation requirements set forth in Section 207 (a)(1) of the FLSA.

83. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

84. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA

85. Defendants have not acted in good faith with respect to the conduct alleged herein.

86. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. S 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW ARTICLE 6 AND 19 FAILURE TO COMPENSATE FOR OVERTIME**

87. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

88. At all times relevant to this Action, Plaintiff has been employed by Defendants within the meaning of New York labor Law §§ 2 and 651.

89. Under New York law, an employee must be paid overtime, equal to one and half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA 12 N.Y.C.R.R. §§ 142-22

90. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and Regulations pertaining thereto.

91. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

92. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

93. Plaintiff was an is not exempt from overtime provisions of the New York Labor Articles, because she does not meet the requirements for any of the reduced number of exemptions available under New York law.

94. Defendants have acted willfully and have either known that their conduct violated the New York labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York labor Law. Defendants have no acted in good faith with respect to the conduct alleged herein.

95. As a result of Defendants' violation of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs and pre-judgement and post judgement interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW ARTICLES 6 AND 19 FAILURE TO PAY SPREAD OF HOURS

96. Plaintiff reasserts and realleged the allegations set forth in each of the above paragraphs as though fully set forth herein.

97. As set forth herein, Plaintiff's shifts were regularly spread beyond ten (10) hours per day during his employment with Defendants.

98. As forth herein, Plaintiff was paid at the statutory minimum wage rate from November 24, 2015 through present.

99. From November 24, 2015 through the present, Defendants have no paid spread of hours compensation to Plaintiff as required under Part 142, section 142-4 of Title 12 of Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

100. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to the Plaintiff's rights.

101. As a result of Defendants' violation of the NYLL, and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees costs and pre-judgement and post judgment interest.

## COUNT IV
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

102. Plaintiff realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

103. Defendants violated Plaintiff's statutory protected rights under the FMLA, by retaliating against him for attempting to exercise his right to take medical leave.

104. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under FMLA.

105. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages and the costs of bringing this action.

106. As a result of Defendants' violation of the FMLA, and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees costs and pre-judgement and post judgement interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Sim & DePaola, LLP demands judgement against Defendants, jointly and severally and in favor of Plaintiff for a sum and will properly, adequately and completely Plaintiff for the nature, extent and duration of the damages, costs of this action and as follows;

Declare and find that Defendants committed one or more of the following acts.

1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff.

2. Willfully violated the provisions of the FLSA.

3. Violated the provisions of the NYLL by failing to pay overtime compensation and spread of hours compensation to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL.

5. Violated provisions of the FLMA by refusing to allow Plaintiff to have sick days.

6. Willfully violated the applicable provisions of the FLMA.

   A. Award compensatory damages, including all overtime compensation and spread of hours compensation owed, in an amount according to proof:

   B. Award liquidated damages under the NYLL, or alternatively the FLSA or FLMA;

   C. Award interest on all NYLL overtime compensation, spread of hours compensation and other compensation due accruing from the date such amounts were due.

   D. Award all statutory damages under the NYLL.

   G. Award all costs and attorney fees incurred in prosecuting this action and

   H. Provide such further relief as the Court deems just and equitable.

                                               ___/s/ Ataur Raquib, Esq._____

                                                 Ataur Raquib, Esq

Bar No. 5860523
SIM & DEPAOLA, LLP
4240 BELL BLVD 405
BAYSIDE, NEW YORK, 11361